UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZALMAN FELLIG, ALISA FELLIG, AND ELCHONON REIZES
on behalf of themselves and
all other similarly situated consumers

Plaintiffs,

-against-

STELLAR RECOVERY, INC.

Defendant.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiffs, Zalman Fellig, Alisa Fellig, and Elchonon Reizes seek redress for the illegal practices of Stellar Recovery, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Communications Protection Act ("TCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Kalispell, Montana.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

**Allegations Particular to Zalman Fellig, Alisa Fellig, and Echonon Reizes**

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiffs' answering machine on numerous occasions.

12. Directly as well as through its subsidiaries, contractors and agents, Defendant employs large numbers of persons at various call centers. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of accounts serviced by Defendant.

13. Part of Defendants regular business practice is to make repeated phone calls to persons that it believes are responsible for paying past-due accounts.

14. On fifty eight occasions within the past year, Defendant made fifty eight calls using an automatic telephone dialing system and/or prerecorded messages to an unauthorized cellphone number belonging to Plaintiff, Elchonon Reizes.

15. At no time did Plaintiff give his consent for Defendant to place such calls to him.

16. Upon information and belief, each of the calls placed by Defendant were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission.

In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, inter alia, the use of automated dialing systems. Specifically, Section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. See: In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." See: FCC Declaratory Ruling, 23 F.C.C.R. at 564-65(10).

17. Upon information and under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave his express consent to call his cellphone number within the meaning of the statute. See: FCC Declaratory Ruling, 23 F.C.C.R. at 565-14(10).

18. Plaintiff never gave his express consent to receive calls on his cellphone number.

19. Defendant nevertheless placed at least fifty eight calls to Plaintiff's cellphone number using an automatic telephone dialing system.

20. Defendant acted willfully and/or knowingly in calling numbers using an auto dialer without regard to the TCPA, or whether the number was assigned to a wireless telephone.

21. In calling Plaintiff on his cellphone line at multiple times per day, Defendant violated 47 U.S.C. § 227(b).

22. On or about July 23, 2012, a representative of Stellar Recovery, Inc. left a message with an unauthorized third party.

Upon the third party's answering of the call, a prerecorded message stated: "If this is Fellig Zalman, please press one now. If this is not Fellig Zalman, please press two now". When the third party pressed two, a prerecorded message stated: "This is not a telemarketing call please have them call us back at 8772903051. Once again our number is 18772903051 thank you goodbye".

23. Said message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a message

with an unauthorized third party[1].

24. The above mentioned message left on July 23, 2012 was a communication as defined by the FDCPA. The statute, defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium[2]." 15 U.S.C. §

---

[1] Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call). The court noted "Were this Court to determine that [the debt collectors] messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: "A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.") (emphasis added).

[2] See: Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824, 5-8, 2009 WL 1292830 (W.D. Pa. May 7, 2009) (The messages left with an administrative assistant for the plaintiff stated "Call MCS at 877.775.3091 ex. 1032." The court held that the statute, defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The court stated "Indeed, the majority of courts that have addressed the issue have found that messages left with third parties like the one left with Wideman's administrative assistant were communications under the FDCPA. 1). See also: Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (Finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Thomas v. Consumer Adjustment Co. Inc., 579 F. Supp. 2d 1290, 1296-97 (E.D. Mo. 2008) (Rejecting the defendant's argument that the telephone call in question was not a "communication" under the FDCPA because no information regarding the debt was imparted); Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035,

1692a(2).

25. The caller failed to identify himself as a debt collector attempting to collect a debt, nor did he disclose the legal name of the company calling.

26. The said telephone message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector, which constitutes a deceptive practice.

27. Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiffs on multiple occasions via telephone and left numerous "live" voice messages and numerous prerecorded messages in an attempt to collect the alleged debt.

28. By way of limited example only, the following is a transcript of one such prerecorded message that Defendant left for Plaintiffs on their cellular telephone voicemail system on

---

1041 (N.D. Ill. 2008) (finding that the message was an indirect communication regarding the plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so); Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643, 654-60 (S.D.N.Y. 2006) (Holding that the telephone message advising the debtor that the matter required immediate attention and provided a specific telephone number to call to discuss the matter was a communication "given the obvious purpose of the message was to provide the debtor with enough information to entice a return call…."); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998) (finding that the defendant's contact with a third party in relation to the plaintiff's debt was a communication under § 1692a(2) and sufficient to state a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties permissible under the FDCPA); Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call)." The court found that the plaintiff did set forth a plausible claim under § 1692c(b). (emphasis added)

or about March 28, 2012:

"Please press one now if this is not Fellig Zalman please press two now. Once again if this is Fellig Zalman, please press one now. If this is not Fellig Zalman, please press two now. We are trying to reach Fellig Zalman. This is not a telemarketing call please have them call us back at (877) 290-3051. Once again our number is 1 (877) 290-3051 thank you goodbye".

29. At the time Plaintiffs received the said messages, they did not know the identity of the caller.

30. At the time Plaintiffs received the said messages, they did not know that the caller was a debt collector.

31. At the time Plaintiffs received the said messages, they did not know that the call concerned the collection of a debt.

32. Each of the said messages is a "communication" as deemed by 15 U.S.C. § 1692a(2).

33. Each of the said messages was left by persons employed by Defendant as non-attorney debt collectors in connection with the collection of a "debt" as deemed by 15 U.S.C. § 1692a(5).

34. Each of the said messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

35. Each of the said messages uniformly failed to provide meaningful identification of the Defendant's legal name.

36. The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the said messages, and to ascertain the purpose underlying the said messages, is to place a return call to the telephone number provided in the said messages

and to speak with a debt collector employed by Stellar Recovery, Inc., and then provide that debt collector with personal information.

37. The Defendant intended that the said messages have the effect of causing Plaintiffs, and least sophisticated consumers to place return calls to the telephone number provided in the said messages and to speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the said messages, and to ascertain the purpose underlying the said messages.

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

38. At all times relevant to this action, Stellar Recovery, Inc. was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

39. At all times relevant to this action, Stellar Recovery, Inc. willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

40. The Defendant's act of leaving the said messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the

collection of a debt, and is in violation of the FDCPA.

41. The Defendant's act of leaving the said messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

42. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Stellar Recovery, Inc. is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

43. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

(a) Failing to provide meaningful disclosure of Stellar Recovery, Inc.'s identity;

(b) Failing to disclose that the call is from a debt collector; and

(c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

44. Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

45. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

46. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

47. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the said messages were from a debt collector, which constitutes

a deceptive practice.

## CLASS ALLEGATIONS

48. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49. The identities of all class members are readily ascertainable from the records of Stellar Recovery, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

50. Excluded from the Plaintiffs' Class are the Defendants and all officers, members, partners, managers, directors, and employees of Stellar Recovery, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

51. There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages and messages left with unauthorized parties, such as the above said messages, violate 15 U.S.C. §§ 1692c(b), 1692d, 1692d(6), 1692e(10), and 1692e(11).

52. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

53. The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

54. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said messages violate 15 U.S.C. §§ 1692c(b), 1692d, 1692d(6), 1692e(10), and 1692e(11).

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

55. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. §§ 1692c(b), 1692d, 1692d(6), 1692e(10), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

56. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.**

58. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through fifty seven (57) as if set forth fully in this cause of action.

59. This cause of action is brought on behalf of Plaintiffs and the members of two classes.

60. Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint, and (a) the telephone call was placed to the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Plaintiffs assert that the telephone message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d.

61. Class B consists of all persons whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (a) involving telephone messages which were placed without setting forth

that the communication was from a debt collector, and for failing to state the legal name of the Defendant; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

62. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form telephonic messages and are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages (i.e. the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff' interests are consistent with those of the members of the class.

63. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

64. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

65. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**Violations of the Fair Debt Collection Practices Act**

66. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

67. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiffs and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**AS AND FOR A SECOND CAUSE OF ACTION**

**Violations of the Telephone Consumer Protection Act brought by Plaintiff Elchonon Reizes**

68. Plaintiff, Elchonon Reizes, re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty seven (67) as if set forth fully in this cause of action.

69. The foregoing act and omissions of the Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

70. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating fifty eight telephone calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

71. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant.

72. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.

73. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of $500.00 per call.

74. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

75. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that they knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies to have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cellphone using a pre-recorded voice, regardless of whether or not it knew it was violating the law. Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874.

76. This action is brought on behalf of Plaintiff and the members of two classes.

77. Class A consists of consumers who were left a telephone message concerning a consumer debt on a cell phone or other method whereby the class member incurred a cost for the receipt of the message.

78. Class B consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint: (a) where the consumer incurred a charge for the messages; (b) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 47 U.S.C. § 227.

79. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the TCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

80. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

81. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

82. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**Violations of the Telephone Communications Privacy Act**

83. The actions of the Defendant violate the TCPA.

84. The Defendants intentional violation of the TCPA entitles the Plaintiff to damages in accordance with the TCPA – namely $1,500.00 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action;

(c) Statutory damages provided under the TCPA and injunctive relief;

(d) Any other relief that this Court deems appropriate and just under the circumstances

Dated: Brooklyn, New York
January 17, 2013

___/s/ Maxim Maximov__________________
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiffs request trial by jury on all issues so triable.

___/s/ Maxim Maximov__________________
Maxim Maximov, Esq.